**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

GARY EDWARD MICKLES
ADC #123473                                                                                                      PLAINTIFF

V.                                              NO: 4:06CV00283 WRW

SCOTT EDWARD TRUELOVE *et al.*                                                             DEFENDANTS

**ORDER**

Plaintiff, an inmate at the Ouachita River Correctional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2) pursuant to 42 U.S.C. § 1983, on January 30, 2006. Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### I.  Plaintiff's complaint

Plaintiff has named as Defendants Scott Edward Truelove, a parole officer, and Dan Roberts, Deputy Director of the parole board.  According to Plaintiff's complaint, Defendant Truelove has repeatedly denied his parole plan, and Defendant Roberts has not taken action to correct Truelove's denials.  Plaintiff's requested relief is somewhat vague, in that he seeks the Court to "serve justice" on his behalf.

### II.  Analysis

To the extent that Plaintiff seeks damages, his complaint must be dismissed for failure to state a claim upon which relief may be granted, because Defendants are immune to suit.  It is well settled that parole board members and officers are absolutely immune from suit when considering or deciding parole questions.  *Patterson v. Von Reisen*, 999 F.2d 1235, 1238-39 (8th Cir. 1993); *Figg v. Russell*, 433 F.3d 593, 599 (8th Cir. 2006).

Even if Defendants were not immune to suit, Plaintiff's complaint would have to be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994). In *Heck,* the Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*.  There is no indication that Plaintiff's sentence has been reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*.  If the Court were to find in Plaintiff's favor, it would certainly imply the invalidity of his continued imprisonment.  Thus, Plaintiff's complaint falls within *Heck, supra*, and must be dismissed for failure to state a claim upon which relief may be granted.

If Plaintiff is seeking an order mandating his parole, his complaint also fails. By asserting a claim that directly attacks the validity of his conviction or hold, Plaintiff is challenging the lawfulness of his continued confinement. In *Preiser v. Rodriguez,* 411 U.S. 475 (1973), the Court analyzed the important distinction between a *habeas* action and a § 1983 claim. In a *habeas* action, a petitioner is challenging the lawfulness of his incarceration. *Id.* at 484. In contrast, in a § 1983 action, a prisoner is challenging some aspect of the conditions of his confinement. *Id* at 499. Importantly, the label a prisoner gives to his suit is not controlling. *Id.* at 489-90. Plaintiff's only remedy for challenging the lawfulness of his continued incarceration is a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254. Thus, as a matter of law, Plaintiff's complaint fails to state a claim for relief under 42 U.S.C. § 1983.

### III.  Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 15th day of March, 2006.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE